UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONNY SCOGGIN,

        Petitioner,         Case No. 23-11725
                                        Hon. Jonathan J.C. Grey

v.

KIM CARGOR,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT
OF HABEAS CORPUS, DENYING CERTIFICATE OF
APPEALABILITY, AND GRANTING LEAVE
TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

Petitioner Ronny Scoggin, a Michigan state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions for six counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(2)(b). (ECF No. 1.) Scoggin claims that the trial court improperly permitted expert witnesses to vouch for the victim's credibility and testify as to the victim's out-of-court statements. (*Id.* at PageID.19) Additionally, Scoggin argues his counsel provided ineffective assistance by failing to object to the aforementioned

testimony, and that the admission of prior acts evidence violated due process. (*Id.*)

The Court **DENIES** the petition and **DECLINES** to issue a certificate of appealability. The Court **GRANTS** Petitioner leave to proceed *in forma pauperis* on appeal.

## I. BACKGROUND

Following a jury trial in Berrien County Circuit Court, Scoggin was convicted of six counts of first-degree criminal sexual conduct for the sexual assault of his step-granddaughter, AB. On July 22, 2019, he was sentenced to consecutive terms of 25 to 60 years' imprisonment for each count.

Scoggin filed an appeal by right in the Michigan Court of Appeals. The Michigan Court of Appeals set forth the following relevant facts:

> This case arose from defendant's sexual abuse of his seven-year-old step-granddaughter, AB. One day in October 2016, AB visited her grandmother and defendant at their residence. AB went into a motor home on the property and defendant followed her. AB's grandmother entered the motor home and saw defendant near the bedroom with his pants down and his penis exposed. As AB's grandmother walked toward defendant, she saw AB standing near a desk by the bed leaning and bending at her waist with one hand on a chair. AB had on her top, but her pants were at her ankles. AB's grandmother removed her from the motor home and took her

> to her parents' house. AB's mother and grandmother took AB to the hospital for an examination.
>
> Sexual assault nurse examiner (SANE) Bonnie Christopher conducted a SANE examination on the day of the alleged sexual assault. During the examination, AB disclosed that defendant put his penis in her anus and asked AB to perform fellatio on him. AB also disclosed that defendant previously committed penile-vaginal penetration, penile-oral penetration, penile-anal penetration, digital-anal penetration, digital-vaginal penetration, oral-vaginal sexual contact, and oral-anal sexual contact. Regarding the physical examination, Christopher observed that AB had irritation around her anal area and AB cried when Christopher examined that area. Christopher also observed a disruption of AB's hymenal tissue and tearing around AB' anal area. At trial, AB testified that defendant sexually abused her. The jury found defendant guilty of six counts of CSC-I.

*People v. Scoggin*, No. 350064, 2021 WL 219234, at *1 (Mich. Ct. App. Jan. 21, 2021). These facts are presumed correct on habeas review under 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009).

The Michigan Court of Appeals affirmed Scoggin's convictions but held the trial court erred by imposing consecutive sentences for four of the six counts. *Scoggin*, 2021 WL 219234 at *9–10. The court remanded the case to the trial court for the sole purpose of modifying the judgment of sentence. *Id.* at *10. Scoggin sought and was denied leave to appeal in

3

the Michigan Supreme Court. *People v. Scoggin*, 508 Mich. 895 (Mich. Aug. 3, 2021).

Scoggin then filed this habeas petition. He seeks relief on these claims:

> I. Scoggin's due process right to a fair trial was violated by the presentation of expert testimony which impermissibly bolstered the complainant's credibility. The bolstering was plain error, or alternatively trial counsel was ineffective for failing to object and the Michigan courts' rulings were contrary to the clearly established law of the United States Supreme Court.
>
> II. Scoggin was denied his due process right to a fair trial by the admission of multiple hearsay statements at trial. The prosecution used these statements to bolster AB's credibility. The error was plain or alternatively, Scoggin was denied the effective assistance of counsel by his attorney's failure to object and the Michigan courts' rulings were contrary to the clearly established law of the United States Supreme Court.
>
> III. Scoggin was denied his due process right to a fair trial by the admission of prior acts evidence substantially more prejudicial than probative.

(*See* ECF No. 5, PageID.82.)

Respondent has filed an answer in opposition arguing that Scoggin's first claim is procedurally defaulted and that the claims are meritless. (*Id.*) Scoggin has filed a reply brief. (ECF No. 7.)

4

## II. LEGAL STANDARD

A § 2254 habeas petition is governed by the heightened standard of review set forth in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. To obtain relief, habeas petitioners who challenge "a matter 'adjudicated on the merits in State court' [must] show that the relevant state-court 'decision' (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.'" *Wilson v. Sellers*, 548 U.S. 122, 124–125 (2018) (quoting 28 U.S.C. § 2254(d)). The focus of this standard "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "AEDPA thus imposes a highly deferential standard for evaluating state-court rulings and demands that [state-court decisions] be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 767 (2010) (internal citations and quotation marks omitted).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the

5

correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Also, a state-court's factual determinations are presumed correct on federal habeas review under 28 U.S.C. § 2254(e)(1), and review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## III. ANALYSIS

### A. Expert Witnesses Vouched for Victim's Credibility and Ineffective Assistance of Counsel

Scoggin's first claim concerns the testimony of expert witnesses Barbara Welke and Bonnie Christopher. Scoggin argues that Welke and Christoper improperly vouched for the victim's credibility in violation of his right to a fair trial and that defense counsel was ineffective for failing to object.

The Michigan Court of Appeals held that this claim was not preserved for appellate review because defense counsel did not object to the testimony at trial and the state court applied a plain error standard

of review.[1] *Scoggin*, 2021 WL 219234 at *1. A state court's plain-error analysis amounts to "an adjudication on the merits" that is entitled to AEDPA deference when, as is the case here, the state court's plain-error analysis "conducts any reasoned elaboration of an issue under federal law." *Stewart v. Trierweiler*, 867 F.3d 633, 638 (6th Cir. 2017).

Barbara Welke of the Children's Assessment Center of Southwest Michigan testified as an expert in forensic interviewing and the process of disclosure in child sexual abuse cases. (*See* ECF No. 6-18, PageID.1253.) Welke testified generally about behaviors of children who have been abused and specifically about her interview with AB. Bonnie Christopher testified as an expert in sexual assault examinations. (*See* ECF No. 6-17, PageID.1153–1154.) She examined AB and interviewed AB and AB's mother. Christopher testified that her findings were consistent with sexual abuse.

---

[1] Respondent argues that this claim is procedurally defaulted because counsel did not object to Welke's and Christopher's testimony on this basis. The Court is not required to address a procedural default issue before deciding against the petitioner on the merits. *Overton v. Macauley*, 822 F. App'x 341, 346 (6th Cir. 2020) ("Although procedural default often appears as a preliminary question, we may decide the merits first."). Here, rather than conduct a lengthy inquiry into procedural default, judicial economy favors proceeding directly to a discussion of the merits of Scoggin's claims.

The Michigan Court of Appeals held that Christopher's and Welke's testimonies were properly admitted under state law. *Scoggin*, 2021 WL 219234, at *3. The state court held that Christopher based her testimony that the findings were consistent with sexual abuse on permissible factors: "AB's statements to Christopher, AB's reaction and discomfort during the examination, and AB's medical history." *Id*. She did not testify that she found AB trustworthy or offer an opinion on Scoggin's guilt. *Id*. Similarly, the Michigan Court of Appeals held that Welke's direct examination testimony explained generally "why a child's statements and sexual abuse disclosures may appear inconsistent and to explain delayed disclosures." *Id*. Welke "properly testified in response to defendant's attack on AB's credibility by clarifying that AB's behavior appeared consistent with other victims of sexual abuse." *Id*.

The Michigan Court of Appeals' decision was not contrary to, or an unreasonable application of, Supreme Court precedent. First, the Court will not disturb the state court's holding that the evidence was properly admitted under state law. State courts are the final arbiters of state law and federal courts will not intervene in such matters. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *see also White v. Steele*, 602 F.3d 707, 711 (6th

8

Cir. 2009) ("State courts, after all are the final arbiters of the state law's meaning and application and [federal court] is not the appropriate forum to adjudicate such issues.") (internal quotation and citation omitted).

Second, Scoggin fails to show a due process violation. The admission of evidence may violate the Due Process Clause (and thereby provide a basis for habeas relief) where the admission "is so extremely unfair that its admission violates 'fundamental conceptions of justice.'" *Dowling v. United States*, 493 U.S. 342, 352 (1990) (quoting *United States v. Lovasco*, 431 U.S. 783, 790 (1977)); *Bugh v. Mitchell*, 329 F.3d 496, 512 (2003). The Supreme Court "defined the category of infractions that violate fundamental fairness very narrowly." *Estelle*, 502 U.S. at 73 (1991) (internal quotation and citation omitted). To violate due process, an evidentiary decision must "offend[ ] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (citation omitted). This standard allows state courts "wide latitude . . . with regard to evidentiary matters under the Due Process Clause." *Id.*

Here, the trial court acted within the bounds of due process when it allowed this testimony. To show that admission of evidence violated due

9

process, a petitioner generally must identify "a Supreme Court case establishing a due process right with regard to [the] specific kind of evidence" challenged. *Moreland v. Bradshaw*, 699 F.3d 908, 923 (6th Cir. 2012). Scoggin does not do so here. First, the record shows that neither witness vouched for the victim's credibility. Instead, each explained that their findings were consistent with sexual abuse. Second, there is no clearly established Supreme Court precedent that prohibits an expert witness from providing this kind of testimony. *Montaldi v. Brown*, No. 22-1340, 2022 WL 14154228, at *3 (6th Cir. Aug. 22, 2022) ("[T]here is no clearly established Supreme Court case that prohibits states from admitting expert testimony that embraces an ultimate issue."); *see also Hoglund v. Neal*, 959 F.3d 819, 838 (7th Cir. 2020) (finding no clearly established Supreme Court precedent on expert vouching); *Cummings v. Rapelje*, No. 11-10003, 2016 WL 4191733, at *16 (E.D. Mich. Aug. 9, 2016) ("[T]here is no federal law or rule that prevents one witness from 'vouching' for the credibility of another witness."). Absent such "clearly established Federal law," the state appellate court's denial of the claim cannot be an unreasonable application of federal law. *See Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (stating that where the Supreme Court's

"cases give no clear answer to the question presented," a state court's decision cannot constitute an unreasonable application of clearly established Federal law).

Scoggin also claims that defense counsel provided ineffective assistance by failing to object to the expert witnesses' testimony. On habeas corpus review, to prevail on an ineffective assistance of counsel claim, a petitioner must show that the state court's denial of his claim was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: a habeas petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *See id.* at 687.

The Michigan Court of Appeals denied this claim because any objection to the testimony would have been meritless. *Scoggin*, 2021 WL 219234 at *4. The Court will "not second guess a state court's decision concerning matters of state law." *Greer v. Mitchell*, 264 F.3d 663, 675 (6th Cir. 2001). The state court's denial of this claim was not contrary to, or an unreasonable application of, *Strickland*. 466 U.S. at 687; s*ee Tackett*

11

*v. Trierweiler*, 956 F.3d 358, 375 (6th Cir. 2020) (failing to raise a meritless objection does not constitute ineffective assistance of counsel).

### B. Hearsay Testimony

In his second claim, Scoggin argues that the trial court erred when it admitted Christopher's testimony relating to AB's statements during the SANE examination. Scoggin maintains that admission of that testimony violated the rule against hearsay.

The Michigan Court of Appeals ruled that Christopher's testimony concerning AB's statements was admissible under the state rules of evidence as statements made for the purpose of medical diagnosis or treatment. *Scoggin*, 2021 WL 219234 at *6. As explained above, state court evidentiary rulings "cannot rise to the level of due process violations unless they offend[ ] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Seymour*, 224 F.3d at 552 (internal quotation marks omitted). The Court may only grant relief if Scoggin shows that the state court's evidentiary ruling was "in conflict with a decision reached by the Supreme Court on a question of law or if the state court decided the evidentiary issue differently than the Supreme Court did on a set of materially

12

indistinguishable facts." *Sanders v. Freeman*, 221 F.3d 846, 860 (6th Cir. 2000) (citation omitted). Scoggin does not meet this standard.

The Supreme Court has never held that the introduction of hearsay testimony violates the Due Process Clause. *Desai v. Booker*, 732 F.3d 628, 630–631 (6th Cir. 2013). Therefore, no reasonable jurist could debate the state court's denial of this claim.

### C. Other-Acts Evidence

In his final claim, Scoggin challenges the trial court's admission of evidence that he had previously been convicted of fourth-degree criminal sexual conduct. The earlier conviction involved Scoggin's 14-year-old sister-in-law.

The Michigan Court of Appeals held that the evidence was properly admitted under Mich. Comp. Laws § 768.27a, which allows that in certain criminal sexual cases involving a minor, evidence that the defendant committed another listed offense against a minor on a separate occasion may be admitted "for its bearing on any matter to which it is relevant." Mich. Comp. Laws § 768.27a(1).

"There is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence

13

in the form of other bad acts evidence." *Bugh*, 329 F.3d at 512. The Supreme Court has not addressed the issue of propensity evidence in constitutional terms, finding admission of such testimony more appropriately addressed in codes of evidence and procedure than under the Due Process Clause. *Dowling*, 493 U.S. at 352. Indeed, "[t]he Supreme Court has never held (except perhaps within the capital sentencing context) that a state trial court's admission of relevant evidence, no matter how prejudicial, amounted to a violation of due process." *Blackmon v. Booker*, 696 F.3d 536, 551 (6th Cir. 2012). Consequently, there is no "clearly established federal law" to which the state court's decision could be "contrary" within the meaning of section 2254(d)(1). *Bugh*, 329 F.3d at 512. Scoggin, therefore, is not entitled to relief on this claim.

## IV. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. Fed. R. App. P. 22(b)(1). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that

reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

The Court grants Scoggin leave to appeal *in forma pauperis* because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

## V. CONCLUSION

For the reasons set forth, the Court **DENIES** the petition for writ of habeas corpus and **DENIES** a certificate of appealability. If he chooses to appeal this decision, Petitioner may proceed *in forma pauperis*.

**SO ORDERED.**

Date: March 27, 2025

<u>s/Jonathan J.C. Grey</u>
Jonathan J.C. Grey
United States District Judge

15

## **Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 27, 2025.

s/ **S. Osorio**
Sandra Osorio
Case Manager
